# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RAYMOND J. HORSFALL,        )
                                     )
      Movant,               )
                                     )
v.                          )     Case No. CV410-095
                                     )            CR407-236
UNITED STATES OF AMERICA,   )
                                     )
      Respondent.       )

## REPORT AND RECOMMENDATION

Sentenced to 327 months' imprisonment after pleading guilty to one count of violating 18 U.S.C. § 2252A(a)(2) (receiving child pornography), and having unsuccessfully appealed, *United States v. Horsfall*, 552 F.3d 1275 (11th Cir. 2008), Raymond J. Horsfall now moves under 28 U.S.C. § 2255 to vacate his conviction and sentence. CR407-236, doc. 46. The government opposes. Doc. 49. Relief should be denied.

## I.    BACKGROUND

Horsfall had already compiled a long criminal record by the time he was arrested in this case. *Horsfall*, 552 F.3d at 1278 (recounting his 1987 guilty plea to aggravated child molestation, a 1998 guilty plea to a federal child pornography offense, a supervised-release revocation for

viewing pornography on a public computer); *id.* at 1279-80 (he had sexually abused his own daughter "for about 6 years during her early childhood"). One day in 2007, a Savannah, Georgia coffee-house customer dialed 911 "and reported that an individual in that location was viewing child porn on [a] laptop computer." Doc. 19 at 41. When the officer walked into the coffee house Horsfall "began to close the laptop as well as vigorously hit buttons on the laptop." *Id.* The officer confronted him about whether he had any "kiddie porn" on his laptop. "Yes," Horsfall replied, "but I didn't hurt anyone. Can you let me off with a warning?" *Id.* at 42.

The officer seized the computer as well as a second one nearby. *Id.* A subsequent search warrant authorized their examination, which turned up the evidence later used against him. *Id.* at 42-43. The grand jury indicted him for possession of electronic videos containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 1), and receipt of 11 electronic videos containing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Counts 2-12). Doc. 10. He pled guilty to Count 2, with the rest dropped in exchange for his guilty plea. Doc. 28 at 2; doc. 29 at 1.

## II.   ANALYSIS

Horsfall claims that he received ineffective assistance of counsel (IAC) because his attorney failed to: (a) file a motion to suppress the evidence against him; (b) challenge the government's evidence on the jurisdictional element of the offense; and (c) challenge the district court's subject matter jurisdiction and proper venue.  Finally, he contends that, (d) because the district court lacked jurisdiction, his conviction should be vacated.   Doc. 46 at 13-23; *see also* doc. 50.

Two sets of governing principles must be applied here.  First, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L.Ed.2d 203 (1985).  *Lalani v. United States,* 315 F. App'x 858, 860-61 (11th Cir. 2009).  Second, a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added).  That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court

proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Horsfall did none of that, so now he may only challenge his pre-plea constitutional claims by showing that the advice he received from his counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267. This includes "defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent," 5 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 21.6(a) (3d ed. 2010), and, in a related context, that the guilty plea was "induced through threats, misrepresentations, or improper promises, [such that] the defendant cannot be said to have been fully apprised of the consequences of the

guilty plea. . . ." *Williams v. McNeil*, 2010 WL 3384927 at * 5 (S.D. Fla. Jul. 20, 2010) (citing *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)).

Horsfall cites no such involuntariness grounds here.  In fact, his allegations ignore the fact that his guilty plea waived all nonjurisdictional defects[1] in the proceedings and that waiver

> extends to claims of ineffective assistance of counsel that do *not* attack the voluntariness of the guilty plea. *See Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), *cert. denied*, 456 U.S. 992, 102 S. Ct. 2275, 73 L.Ed.2d 1288 (1982). *See also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) (holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all. . . . *See Broce*, 488 U.S. at 574-575. Thus, a voluntary guilty or no contest plea constitutes a waiver of all nonjurisdictional defects in the proceeding up to that point. [Horfall's] claims challenging the representation of counsel with regard to the investigation and pursuit of possible defenses to the crimes committed do *not* relate to the voluntariness of the plea. They are therefore waived by the entry of the guilty pleas.

---

[1]  The "jurisdictional exception" is discussed in 5 LaFave, Criminal Procedure § 21.6(a).  *See also United States v. Sealed Appellant*, 526 F.3d 241, 243 (5th Cir. 2008) (guilty plea waived defendant's claim that 18 U.S.C. § 2251, under which he was charged, exceeded Congress's power under the Commerce Clause, because he raised no jurisdictional defect; Commerce Clause challenge addressed Congressional, not *judicial* jurisdiction, and it is only the latter type of claim that cannot be waived).

*Anfield v. United States*, 2010 WL 1406323 at * 7 (S.D. Ga. Mar. 23, 2010) (emphasis added).

Thus, Horsfall has waived claims based on his allegation that his lawyer was ineffective for failing to litigate Fourth Amendment-based suppression claims. Doc. 46 at 14-17. Even were those claims not waived, he would still have to show a meritorious Fourth Amendment challenge that a reasonable attorney would have brought. *Lalani*, 315 F. App'x at 860-61. He would also have show a reasonable probability that he would not have pled guilty but for the admitted evidence. *Id.* And, he would have to prove all of that by a preponderance of the evidence. *Stamper v. United States*, 2008 WL 2811902 at * 6 (E.D. Tenn. Jul. 18, 2008).[2]

---

[2] Hence, successful claims are rare and face close scrutiny. *See Moore v. Czerniak*, 574 F.3d 1092, 1093-95, 1117-18 (9th Cir. 2009) (28 U.S.C. § 2254 relief to petitioner who pled no contest to felony murder charge; defense counsel's failure to file what would have been a meritorious motion to suppress defendant's taped confession on involuntariness grounds fell below an objective standard of reasonableness and, as such, was constitutionally deficient under *Strickland*; counsel's reasons for decision, both of which were erroneous and objectively unreasonable, could not be justified as a reasonable "strategic" decision), *cert. granted sub nom Belleque v. Moore*, ___ U.S. ___, 130 S.Ct. 1882 (2010).

Horsfall has not made such a showing here. He listened to his lawyer describe his investigation of grounds for litigating a motion to suppress based on the seizure of Horsfall's laptop and subsequent warrant-based searches of it. *Id.* at 24-25. He heard him opine that no meritable grounds existed for litigating any such issues. *Id.* at 25. The judge then asked Horsfall if, on that score, he had any concerns about counsel's representation. "No," he answered. *Id.*; *see also id.* at 36.

That answer is unsurprising because Horsfall does not deny that he *voluntarily* spoke with the arresting officer and *admitted* that he had been viewing "kiddie porn" on his own laptop in a public coffee house. That, in turn, supplied ample probable cause to seize it. *See United States v. Daugherty,* 317 F. App'x 418, 419 (5th Cir. 2009) (officers' discovery of pornographic images, coupled with defendant's change in demeanor, provided probable cause to seize his laptop and hard drive pending a search warrant); *United States v. McGlothlin*, 2010 WL 3010939 at * 2 (7th Cir. Jul. 28, 2010).[3] Meanwhile, Horsfall obviously

_____

[3]    The seizure of his laptops was also justified by exigent circumstances. *United States v. Hyer*, 2010 WL 2160911 at * 9 (E.D. Mo. Apr. 29, 2010). "The risk of the disappearance of the photos on the computer clearly outweighs [the defendant's] privacy interest." *Id.* (quotes and cite omitted).

misplaces reliance on sub-probable cause (hence, "reasonable suspicion") cases like *United States v. Place*, 462 U.S. 696 (1983).

Stuck with that result, Horsfall -- in his reply brief -- simply wishes away, with exclamation points at that: "Probable cause *did not exist*!!" Doc. 50 at 3. Meanwhile, he does not question the guilty-plea transcript showing that (a) someone saw him viewing child porn and called the police; (b) when the police officer confronted him he *admitted* to possessing child porn; and (c) he then insisted he "didn't hurt anyone" and (thus acknowledging guilt) asked to be let go with a warning.

His suppression-based IAC claim, then, would be denied if reached on the merits. And that result would reinforced by the remainder of the government's factual showing, that Horsfall soaked up free internet access around town -- including at that very coffee house -- in an obvious attempt to avoid any trail back to his home. Doc. 19 at 44.

Evidently recognizing that roadblock, Horsfall (in his reply brief) complains that he was never informed that "his guilty plea would waive his right to any sort of appeal. Had [he] known this, he would have never entered into a guilty plea." Doc. 50 at 1. But the record shows

that Horsfall did not waive his right to *any sort* of appeal. In fact, he took one -- just not successfully. *Horsfall*, 552 F.3d at 1275.

Horsfall next complains that his lawyer told him he would be able to raise the foregoing search and seizure claim in a § 2255 motion and at most he faced 20 years, not his actual sentence of "closer to 30 years." Doc. 50 at 1. The latter point is foreclosed by that portion of the guilty-plea colloquy showing that the judge explained to him that he faced a 15-40 year sentencing exposure. Doc. 19 at 27-28. Horsfall expressly stated that he understood that. *Id*. As for the former point, his suppression claim is baseless, so he could not show prejudice in any event.

Horsfall next argues that "defense counsel was ineffective when he failed to make jurisdictional [challenges] where the record clearly presented questionable jurisdiction." Doc. 46 at 18. He then explains that the government's jurisdictional showing -- that the child pornography found on his laptop crossed foreign or interstate commerce -- fails.[4] *Id*. Relatedly, he recycles this argument into his final claim, that

---

[4] 18 U.S.C. § 2252A(a)(2)(A), undergirding Counts 2-12, prohibits any person from knowingly receiving "any child pornography that has been mailed, or shipped or transported *in interstate or foreign commerce* by any means, including by

his counsel was ineffective for failing to challenge venue based on that same lack of "subject matter jurisdiction." *Id.* at 20-21.

Those claims are also meritless. The guilty-plea judge articulated the factual allegations for Horsfall to reject or accept in choosing to plead guilty, including this:

> It is charged by the grand jury that July 21, up until July 21, beginning on a date they don't know, you did knowingly and unlawfully possess on a laptop computer and other electronic storage devices more than ten electronic videos containing child pornography. That means, showing an individual or a minor under 18 engaged in sexually explicit conduct. And those videos had *traveled in interstate and foreign commerce via the internet*. And you knew those videos contained visual depiction of at least one minor engaged in sexually explicit conduct; thus, you violated Title 18 of the United States Code, § 2252 (a)(5) (B).

---

computer...." 18 U.S.C. § 2252A(a)(2)(A) (emphasis added). Count 1 charged Horsfall with violation 18 U.S.C. § 2253A(a)(5)(B), which in relevant part provides:

> Any person who ... knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported *in interstate or foreign commerce* by any means, including by computer ... shall be punished ....

18 U.S.C. § 2253A(a)(5)(B) (emphasis added). Because the "possession" and "receipt" statutes share the same jurisdictional requirement, the Court will cite "jurisdictional element" cases involving both.

Doc. 19 at 25-26. After further recitation of the case against him, the Court asked Horsfall, "Do you understand that? A. Yes, sir." *Id.* at 27; *see also id.* at 28 ("Third, that the child pornography was transported in interstate commerce by any means. That includes by computer or internet."). He also did not dispute factual-foundation testimony that he admitted downloading "various pornography videos and photos from various news groups." *Id.* at 44.[5]

Horsfall's use of the internet alone satisfies the jurisdictional requirement. *United States v. Penton*, 380 F. App'x 818, 820 (11th Cir. 2010); *United States v. Machtley*, 163 F. App'x 837, 838 (11th Cir. 2006) (defendant's admission that he downloaded child pornography images from the internet was sufficient to establish that the images themselves traveled in interstate commerce, as required to convict him of possession of child pornography that was transported through interstate commerce); *United States v. Shiver*, 305 F. App'x 640, 642 (11th Cir. 2008); *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004). Venue, for that matter, "is proper in any district in which the offense was

---

[5] His answers and statements under oath carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Movant has not overcome that.

started, continued, or completed," *United States v. Kapordelis*, 569 F.3d 1291, 1307 (11th Cir. 2009), and it is undisputed that Horsfall was caught with his "kiddie porn" in this judicial district.

## III. CONCLUSION

Raymond J. Horsfall's 28 U.S.C. § 2255 motion should be **DENIED**. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  3rd  day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA