UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RAYMOND J. HORSFALL,

Movant,

v.  4:10-cv-95
    4:07-cr-236

UNITED STATES OF AMERICA,

Respondent.

# ORDER

## I. INTRODUCTION

Before the Court are 28 U.S.C. § 2255 petitioner Raymond J. Horsfall's ("Horsfall") Motion for Reconsideration, *see* 4:10-cv-95, Doc. 12, Request for Judicial Notice, *see* Doc. 13, and Request for Certificate of Appealability ("COA"), *see* Doc. 14. In October 2007, Horsfall pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). *See* 4:07-cr-236, Docs. 10, 17.

## II. RECONSIDERATION

Horsfall cites ten reasons for the Court to reconsider its judgment denying his § 2255 motion. But they can be reduced to two arguments: (1) the Court failed to wait for Horsfall's objections to the Magistrate Judge's Report and Recommendation ("R&R") before adopting the R&R, and (2) Horsfall's violation of 18 U.S.C § 2252A(a)(2) lacked a sufficient nexus to interstate commerce. *See* 4:10-cv-95, Doc. 12. While Horsfall did not specify any rule of civil procedure under which he moved for reconsideration, the Court evaluates his motion as a Federal Rule of Civil Procedure 60(b) motion because it challenges "matters collateral to the merits." *See Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988) (using a "substantive/collateral distinction" by which motions challenging matters "going to the heart of the judgment" are construed as Rule 59(e) motions and motions challenging "matters collateral to the merits" are considered Rule 60 motions).

Insofar as Horsfall's motion does challenge matters going to the heart of this Court's previous judgment, his motion must be treated as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A motion for reconsideration "is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim on the merits.'" *Williams v. Chatham*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (discussing 60(b) motions) (quoting *Gonzalez*, 545 U.S. at 532). "That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

### A. The Court's Swift Dismissal

Horsfall's first contention is proper because he attacks the procedure by which the Court dismissed his § 2255 motion. *See* Doc. 12. Because Horsfall's argument does not fit neatly within any of Federal Rule of Civil Procedure 60(b)'s specific grounds, the Court will consider it under the catch-all provision of 60(b)(6) for "any other reason

that justifies relief." "Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *In re Physicians Reliance Ass'n, Inc.*, 2011 WL 548460, at *2 (11th Cir. Feb. 16, 2011).

The Magistrate Judge's R&R, recommending that the Court dismiss Horsfall's motion, was filed on January 3, 2011. *See* Doc. 7. Objections were due by January 17, 2011. *See* Doc. 8. The Court adopted the R&R and dismissed Horsfall's motion on January 19, 2011. *See* Doc. 9. Horsfall's objections to the R&R were docketed on January 25, 2011. However, under the prisoner mailbox rule, they are considered filed "on the date they are delivered to prison authorities to be mailed." *See United States v. Carter*, 2011 WL 216138, at *1 (11th Cir. Jan. 25, 2011). "Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on the day he signed it." *Id.* (internal quotation omitted). Horsfall dated his objections as January 14, 2011, despite them not arriving to the Court until 11 days later. *See* Doc. 11. Thus, his objections to the R&R were timely and the Court considers them now.

Horsfall's objections assert that there was no federal jurisdiction to convict him of receiving child pornography. *See* Docs. 11; 1 at 18. This contention is meritless. Horsfall admitted that the pornographic images he possessed "traveled in interstate commerce via the internet." 4:07-cr-236, Doc. 19 at 25-26. "It is well-settled that the internet is an instrumentality of interstate commerce." *United States v. Penton*, 380 F. App'x 818, 820 (11th Cir. 2010). The trial court had jurisdiction to convict Horsfall and 18 U.S.C. § 2252A(a)(2) is constitutional as applied to him. This Court's premature, yet proper, dismissal of Horsfall's motion does not justify 60(b)6's "exceptional remedy." *See Physicians Reliance*, 2011 WL 548460, at *2.

### B. Interstate Nexus

Horsfall's second contention in his "Motion for Reconsideration" re-asserts his objections to the R&R, that the trial court lacked subject-matter jurisdiction. *See* Doc. 12. This argument would be more appropriately considered and dismissed as a successive § 2255 motion. *See Williams v. Chatham*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (treating attempts to re-litigate issues as successive habeas motions); Doc. 1 (asserting this claim in original § 2255 motion). But because the Court has already considered and denied this contention above, it requires no further comment.

Horsfall's Motion for Reconsideration, *see* Doc. 12, is ***DENIED***.

### III. JUDICIAL NOTICE

Horsfall moves the Court to take judicial notice of sixteen "facts," many of which are actually legal contentions. *See* Doc. 13. Under Federal Rule of Evidence 201, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

2

Applying this rule to Horsfall's sixteen requests, the Court takes judicial notice that January 17, 2011 was Martin Luther King, Jr. Day. All of his other requests are *DENIED*.

### IV. COA

Horsfall also moves for a COA. *See* Doc. 14. In recommending that the Court dismiss Horsfall's § 2255 motion, the Magistrate Judge also recommended that the Court deny Horsfall a COA and the ability to appeal IFP. *See* Doc. 7 (Report and Recommendation ("R&R")). This Court adopted the R&R on January 19, 2011, and dismissed Horsfall's case. *See* Doc. 9. Horsfall's motion for a COA has already been *DENIED* for the reasons set forth in the R&R. *See* Doc. 7.

### V. CONCLUSION

Horsfall's Motion for Reconsideration, *see* Doc. 12, and Request for a COA, *see* Doc. 14, are *DENIED*. His Request for Judicial Notice, *see* Doc. 13, is *GRANTED IN PART AND DENIED IN PART*.

This 28 th day of February 2011.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA